IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                                    )
                Plaintiff,          )
vs.                                 )          NO.  CR-04-206-HE
                                    )          NO.  CIV-06-331-HE
ROBBY JOE LAUER,                    )
                                    )
                                    )
                Defendant.          )

## ORDER

Defendant Robby Joe Lauer pled guilty to a single count of distribution of methamphetamine and was sentenced to a 188 month term of imprisonment, with 36 months of supervised release.  Judgment was entered on May 24, 2005.  The defendant did not appeal, but on March 29, 2006, filed a motion, pursuant to 28 U.S.C. § 2255, asking the court to vacate and then reenter his sentence and judgment so he can appeal.

In support of his motion, the defendant contends his guilty plea was unknowing and involuntary because he relied on his counsel's misrepresentation of the maximum potential sentence he could receive.  He also claims his counsel was ineffective for failing to file a notice of appeal, despite his request that one be filed.  The defendant acknowledges in his motion that he waived his right to appeal or collaterally attack his guilty plea or sentence absent the imposition of a sentence in excess of the advisory sentencing guidelines range or a retroactive change in the law.  The government relies on this waiver in the motion it has filed seeking enforcement of the plea agreement.

The Tenth Circuit generally enforces plea agreements that waive appellate rights, United States v. Porter, 405 F.3d 1136, 1142 (10th Cir. 2005), *cert. denied,* ___U.S. ___ (2005), and "collateral attack rights brought under § 2255." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001).[1]   A defendant's ability to challenge his conviction and sentence depends on whether his collateral attack falls within the scope of the waiver, whether the waiver was knowing and voluntary, and whether enforcement of the waiver would result in a miscarriage of justice. *See* Porter, 405 F.3d at 1142; Cockerham, 237 F.3d at 1183 ("[T]he constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights.").

The defendant argues that his plea was unknowing and involuntary because it was

---

[1]*The Tenth Circuit held in* Cockerham *that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."* Cockerham, *237 F.3d at 1183. The plea agreement the defendant executed expressly provided for the waiver of the defendant's right to collaterally challenge his guilty plea and any other aspect of his conviction, the sentence imposed by the court and the manner in which the sentence was determined. Government's Exhibit 2, ¶8. The only basis asserted by the defendant in support of his claim that his plea was involuntary consists of his attorney's alleged misrepresentation regarding his potential sentence. As discussed infra pp.2-5 , in* United States v. Kerns, *No. 02-6250, 2002 WL 31820953, at \*2 (10th Cir. Dec. 17, 2002), the Tenth Circuit rejected a defendant's argument that his plea was involuntary because he relied on his attorney's assurance of a shorter sentence than what he received.* Kerns *and the other unpublished decisions referenced in this order are cited for persuasive value only under 10th Cir. R. 36.3(B). The defendant did state that his attorney only gave him 15 minutes to read and sign the plea agreement, § 2255 supporting memorandum, p. 1, but did not assert that he was unable to read or understand it or was otherwise hindered by the time limitation. The record also demonstrates that the defendant's waiver was knowing and voluntary. See Government's Exhibit 3, Transcript of Plea of Guilty, pp. 11, 13-17. See generally* United States v. Robinson, *No. 05-5032, 2006 WL 292392, at \* 3 (10th Cir. Feb. 8, 2006) (in determining whether a defendant's waiver of his right to appeal is made knowingly and voluntarily, the court considers the language of the plea agreement – whether it states that the defendant entered into the agreement knowingly and voluntarily – and whether there was an adequate Fed.R.Crim.P. 11 colloquy).*

based on his attorney's misrepresentation as to the maximum sentence he could receive. The defendant admits that the plea agreement itself "quite clearly indicates the [defendant] would be sentenced at an applicable guideline level of 36, criminal history category I with a resulting sentencing range of 188-235 months of imprisonment – nearly double of what counsel represented." § 2255 supporting memorandum, pp. 1-2. He states that his counsel presented him with the plea agreement and told him he had 15 minutes to read and sign it. He also states that, although the court advised him during the plea colloquy that "he was facing anywhere up to the statutory maximum," he "understandably relied upon his counsel's representation that under the Guidelines he "'faced eight (8) to nine (9) years' of prison." *Id.* at 2.

While ineffective assistance of counsel claims challenging the validity of the plea or the waiver are not waived, Cockerham, 237 F.3d at 1187, the Tenth Circuit held in United States v. Kerns, No. 02-6250, 2002 WL 31820953, at *2 (10th Cir. Dec. 17, 2002) that allegations of ineffective assistance of counsel similar to those made here did "not speak to the voluntariness or validity of [the defendant's] guilty plea or waiver" and did not "suffice to overcome enforcement of [the defendant's] waiver."

The defendant in Kerns claimed that his attorney assured him that his sentence would not exceed forty-eight months of incarceration and that he would not have pled guilty but for that assurance. Here, as in Kerns, the defendant did not allege "that his attorney's representations were anything but that – mere predictions as to the length of sentence," *id.*,

3

or "were made pursuant to an agreement with the prosecutor or the judge." *Id.* Also, here, as in <u>Kerns</u>, the defendant's assertions contradicted the explicit terms of his plea agreement and the plea colloquy. During the plea hearing, the defendant was advised that the maximum penalty he could receive was twenty years imprisonment.[2] Government's Exhibit 3, Transcript of Plea Hearing, pp. 5, 12-13. Similar to Kerns, the defendant "stated in his guilty plea that no one had made any promises to him inducing him to plead." <u>Kerns</u>, 2002 WL 31820953, at *2. Transcript of Plea Hearing, pp. 16-17.

The court finds that the defendant's allegations of ineffective assistance of counsel do not "cast doubt on the validity or voluntariness of his plea or waiver." <u>Kerns</u>, 2002 WL 31820953, at *2. The court also finds that enforcement of the waiver will not result in a miscarriage of justice, as the defendant has not shown: "(1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the

---

[2]*The maximum sentence that could be imposed was specifically discussed during the change of plea hearing because the question on the plea petition pertaining to the maximum punishment provided for the offense to which the defendant wanted to plead guilty was incomplete. Government's Exhibit 1, Plea Petition, ¶18(a). The following exchange occurred during the hearing:*

| | |
|---|---|
| *The Court:* | *And then the only other notation that I see here, as you say, has to do with the penalty, and we're all agreed –* |
| *Mr. Box:* | *We're in agreement, your Honor. He said – the question was did he understand what the penalty was, yes. The portion of what is the penalty I think was inadvertently left off, and he understands it's up to 20 years.   You're aware of that?* |
| *The defendant:* | *Yes, sir.* |

*Transcript of Plea Hearing, pp. 12-13.*

4

statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings."[3] Porter, 405 F.3d at 1143. Therefore the waiver will be enforced as to the defendant's claim that his guilty plea was involuntary because it was based on his counsel's misstatement as to his potential sentence.[4]

Citing Cockerham, the government contends that the defendant's other claim – that his attorney failed to file a notice of appeal – also falls within the scope of his waiver. In Cockerham the Tenth Circuit had to determine the scope of a plea agreement waiver – whether it covered claims of alleged ineffective assistance of counsel that occurred after the waiver was executed. The court held the defendant waived ineffective representation claims concerning his sentencing that did not attack the validity of his plea or waiver, stating:

> [A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside

---

[3]Factors considered in deciding if the waiver is otherwise unlawful and seriously affects the fairness, integrity or public reputation of judicial proceedings include: "whether the plea agreement stated the appropriate statutory maximum, informed the defendant that he was giving up multiple constitutional and appellate rights in exchange for concessions from the government, and implied that the sentence would be imposed in accordance with the guidelines then in effect," plus " whether the defendant's sentence conform[ed] with the terms of the plea agreement and the defendant's understanding of the plea." Robinson, 2006 WL 292392, at * 4 .

[4]In his response to the government's motion seeking enforcement of the plea agreement, the defendant appears to argue that the court failed to advise him of the mandatory minimum penalty for the crime committed, as required by Fed.R.Crim.P. 11. However, the penalty for the crime to which the defendant pled guilty did not have a mandatory minimum term of imprisonment. 21 U.S.C. § 841(b)(1)(C).

that category are waivable.[5]

Cockerham, 237 F.3d at 1187.  As noted by the dissent, the holding is broad.  Cockerham, 237 F.3d at 1191 (Briscoe, J., concurring and dissenting) (" My disagreement stems from the majority's conclusion that a general waiver-of-appeal-rights provision, such as the one at issue here, is sufficient to preclude a defendant from asserting on direct appeal or in a § 2255 motion Sixth Amendment violations that occur after entering into the plea agreement.").

Relying on Cockerham, the Tenth Circuit subsequently found in a § 2255 action that a defendant's claim that his counsel failed to file a notice of appeal did not relate to the validity of the defendant's plea agreement or its waiver provision and, as a result, was waived.  United States v. Thomas, No. 02-3145, 2002 WL 31323474 (10th Cir. Oct. 16, 2002).  *Accord* United States v. Garcia-Sanchez, No. 04-4152, 2005 WL 1324191 (10th Cir. June 3, 2005) (attorney's failure to file notice of appeal had "no bearing on whether [the defendant] entered the plea agreement and waiver knowingly and intelligently").  The defendant in Thomas did "not explain on what basis such an appeal could have been filed." *Id.*  Although his right to appeal was curtailed by the waiver of appeal provision in his plea agreement, the defendant in Thomas did not assert any of the limited grounds for appeal that were available.  Similarly, Lauer has neither stated his grounds for appeal nor demonstrated

---

[5]*The court noted that the "characterization of a challenge to the validity of a plea is certainly subject to different interpretations and may be quite broad," Cockerham, 237 F.3d at 1188, and that some courts have determined that such a challenge can occur when a defendant claims counsel has misinformed the defendant with respect to an aspect of sentencing.  Consequently, it held that ineffective assistance claims must be considered on a case-by-case basis to determine if they attack the validity of the plea or waiver.*

that an exception to the waiver of his appeal rights applied. Therefore, because his collateral attack falls within the scope of the waiver, <u>Thomas</u>, 2002 WL 31323474, the waiver was knowing and voluntary, *see* <u>Cockerham</u>, 237 F.3d at 1188-89, and the defendant has not demonstrated that enforcement of the waiver would result in a miscarriage of justice, the court finds that the defendant waived his claim of ineffective of counsel based on his attorney's failure to file a notice of appeal.

Accordingly, the court having concluded that the defendant's claims are barred by the waiver on collateral attacks contained in the plea agreement, the government's motion to enforce the plea agreement [Doc. #73] is **GRANTED** and the defendant's § 2255 motion [Doc. #67] is **DENIED**.[6]

**IT IS SO ORDERED**.

Dated this ___4th___ day of ___Sept.___, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[6]*The defendant's request for an evidentiary hearing is denied as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.*